IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JASON D. EVANS and | ) | Case No. 09-50450 |
| LEAH A. EVANS, | ) | |
| | ) | |
| Debtors. | ) | Chapter 7 |
| _____ | ) | |

**MEMORANDUM OPINION**

This matter came before the Court on July 29, 2009, upon the Trustee's Objection to Debtor's Property Exemptions (the "Objection"), filed on June 11, 2009 by Edwin H. Ferguson, Jr., the duly-appointed Chapter 7 trustee in this case (the "Trustee"). At the hearing, Stan H. Dick appeared on behalf of the above-referenced debtors (the "Debtors"), and Mr. Ferguson appeared in his capacity as Trustee. Six of the Debtors' exemptions were contested in the Objection. The Court has already ruled on two of these exemptions, pursuant to an order entered on October 6, 2009.

The issue presented is whether, in a joint bankruptcy case, one co-debtor can claim an exemption for the entire value of an item of jointly-owned personal property. The Court finds that a debtor can only exempt what he or she owns and therefore answers that question in the negative. Upon consideration of the Objection, the evidence presented at the hearing, the arguments of counsel, the relevant law, and the entire official file, the Objection to the four remaining exemptions will be sustained.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B), which this Court has the jurisdiction to hear and determine.

## II.  FACTS

On February 28, 2009, the Debtors filed for relief under Chapter 7 of the Bankruptcy Code.  On Schedule B, the Debtors listed: 1) a 1986 Arrowglass Bass boat, valued at $910.00; 2) a 1991 Seadoo Bombardier GT watercraft, valued at $725.00; 3) a 1996 Seadoo Bombardier GTS watercraft, valued at $1,000.00; and 4) their 2009 state tax refund, valued at $1,200.00.  As stated in their Schedule B and confirmed at the hearing, these items are owned jointly by the Debtors.

In the petition, the male Debtor claimed the entire value of the boat and the 1996 Seadoo watercraft as exempt under the "wildcard" exemption, as provided by N.C. Gen. Stat. § 1C-1601(a)(2).  The female Debtor claimed the entire value of the 1991 Seadoo watercraft and the tax refund as exempt under her wildcard exemption.  On April 13, 2009, the Debtors filed amended exemptions.  In the amended exemptions, the female Debtor claimed the entire value of all four items of the personal property as exempt under the wildcard exemption.  The male Debtor did not claim any exemption in the boat, the Seadoo watercraft, or the tax refund.

On June 11, 2009, the Trustee filed the Objection, contending that the female Debtor could not exempt more than fifty percent of the jointly-held property because she owns only fifty percent of it. The Debtors contend that she can exempt the full value of such property.

### III.  DISCUSSION

Fed. R. Bankr. P. 4003(a) requires debtors to file a listing of any claimed exemptions. Section 522(b) of the Bankruptcy Code allows states to "opt out" from the federal exemptions of § 522(d), which North Carolina has done.  N.C. Gen. Stat. § 1C-1601(f).  Therefore, the Debtors in this case may only use North Carolina's statutory exemptions.  The Trustee, as a party in interest, may object to the Debtors' claimed exemptions.  However, as the objecting party, he bears the burden of proving that the exemptions were not properly claimed.  Fed. R. Bankr. P. 4003(c).

Schedule B indicates that the property in question is owned jointly.  Thus, the Court concludes that the female Debtor holds a fifty percent interest in the property.[1]

A debtor must have an ownership interest in property to claim it as exempt.  See N.C. Gen. Stat. § 1C-1601(a); In re Horstman, 276 B.R. 80, 82 (Bankr. E.D.N.C. 2002).  In a joint bankruptcy case, "the exemptions available to each codebtor may only be claimed from his or her separate estate."  In re Sharik, 41 B.R. 388, 390 (Bankr. E.D.N.C. 1984)(citing In re Howard, 6 B.R. 220, 220 (Bankr. S.D. Ohio 1980)).

An obvious extension of this fundamental tenant is that a co-debtor who owns a percentage of joint property can claim an exemption only in the portion owned.  See, e.g., In re

---

[1]At the hearing, the Debtors argued that the property was "marital property," and therefore one co-debtor could exempt its entire value.  However, the term "marital property" is a term of art taken from N.C. Gen. Stat. § 50-20, which is used to determine asset distribution in a divorce.  This term has no application in the context of bankruptcy exemptions.  In re Horstman, 276 B.R. at 82-83.  Moreover, North Carolina law does not recognize an estate by entirety in personal property.  Wilson v. Ervin, 42 S.E.2d 468 (N.C. 1947).  Thus, it is clear that the Debtors have separable, partial interests in the property as a whole.

Victor, 341 B.R. 775, 781 (Bankr. D.N.M. 2006)(holding that although a trailer was community property, and its full value became part of the estate, the debtor was only permitted "to claim an exemption, to the extent available, in her one-half interest in the subject community property"); In re Chadwick, 113 B.R. 540, 542-43 (Bankr. W.D. Mo. 1990)(holding that, with respect to jointly titled motor vehicles, "the debtors are only entitled to protect their specific shares, severed from the whole, regardless of the nature of each respective tenancy").  Therefore, the female Debtor can only claim an exemption in her fifty percent interest in each item.

## IV. CONCLUSION

The female Debtor claimed a 100 percent exemption in certain personal property, but held only a fifty percent interest in it.  Section 522 does not permit her to exempt what she does not own.  Therefore, the Trustee has met his burden of proof, and the Objection will be sustained.

This opinion constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JASON D. EVANS and | ) | Case No. 09-50450 |
| LEAH A. EVANS, | ) | |
| | ) | |
| Debtors. | ) | Chapter 7 |
| _____ | ) | |

PARTIES IN INTEREST

Edwin H. Ferguson, Jr., Trustee

Stan H. Dick, Esquire

Michael D. West, Bankruptcy Administrator